IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANNAMARIE (?) last name uncertain
and 649 others,

        Plaintiff,

v.                              Civ. No. 12-1197-RGA

ELECTORS FOR THE STATE OF
DELAWARE,

        Defendant.

AnnaMarie Riethmiller, Bradenton, Florida, Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 9, 2012
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Annamarie (?) last name uncertain appears pro se. A search of Public Access to Court Electronic Records ("PACER") indicates that her last name is Riethmiller and that she frequently files frivolous lawsuits. The instant case is no exception.

On September 24, 2012, Plaintiff filed an Application to Proceed In Forma Pauperis (D.I. 1) and a "Motion for Declaratory Orders and an Interdict" (D.I. 2), construed by the Court as a Complaint. Based on Plaintiff's financial information, the Court finds that she may proceed without payment of the filing fee. *See* 28 U.S.C. § 1915(a).

This Court must dismiss certain *in forma pauperis* actions that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28. Because Plaintiff proceeds *pro se*, the pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Plaintiff filed identical complaints in *Reithmiller v. Electors for the State*, Civ. No. 12-548-TOR (E.D. Wash. 2012) and *Riethmiller v. Electors for the State*, Civ. No. 12-1739-CAS (E.D. Mo. 2012). Both were dismissed as frivolous. The instant Complaint contains fifty-two pages of nonsensical and delusional allegations about a psychiatrist who treated plaintiff's husband and President Obama's conspiracy with the psychiatrist to deprive plaintiff of her constitutional rights. For example, Plaintiff states, "I no longer have certainty as to my last name as a direct result of the Obama regime." After review, the Court finds that the Complaint is frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (allegations are frivolous if they are "fanciful," "delusional," or "fantastic").

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment is futile. Plaintiff is advised that the filing of further frivolous actions will result in the imposition of more serious sanctions than dismissal.

An appropriate order will be entered.

_Richard G. Andrews_
UNITED STATES DISTRICT JUDGE